■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES HARRY McKNIGHT, Also Known as BUSTER CARNEY, Appellant.— AULISI, J. Defendant appeals from a judgment of the County Court of Ulster County entered May 18, 1964 upon a verdict of a jury convicting him of burglary in the third degree and grand larceny in the first degree and imposing sentence as a second felony offender to concurrent terms of from five to eight years. Appellant was accused in three separate counts of the indictment with the crimes of (1) burglary third degree, (2) grand larceny in the first degree and (3) unlawful entry in connection with the theft of about $1,700 from a small factory building where defendant's wife was employed up to four or five days before the commission of the crime which occurred on February 14, 1963. The record discloses evidence that the money was in a cardboard box in a closet on the second floor of the building and that a door leading to the roof was closed and bolted a few hours before the crime. Investigating officers found marks on the door frame which they concluded had been made by a screwdriver or similar instrument. They also found human footprints in the snow on the roof. One witness testified that defendant showed her the money, which he admitted stealing after breaking into the building. A friend of the defendant stated that on February 7, defendant had asked him if he wanted to steal the Maranda payroll. Defendant offered no proof and when the People rested the court instructed the jury as to the first two counts but not as to the unlawful entry count. Counsel for defendant excepted to this omission and after the jury had retired, the court on its own motion dismissed the third count. We conclude that no error was committed by the trial court in the failure to charge the jury on the third count of the indictment. The right to an instruction on a lesser crime is treated the same when the lesser crime is included in the indictment as when it is not (People v. Mussenden, 308 N. Y. 558). Here, "upon no view of the facts" (People v. Mussenden, supra, p. 565) could it be found that defendant entered except by breaking through the locked door giving access from the roof and thus an essential element of unlawful entry under section 405 of the Penal Law (i.e., entry "in a manner not amounting to a burglary") was not satisfied. The convictions based on the first two counts in the indictment are amply supported in the record. The credibility of the witnesses for the prosecution was for the jury, and if their testimony was accepted, the crimes were established beyond a reasonable doubt. Finally, defendant's contention that the

sentences imposed were excessive is without merit. Judgment affirmed. Gibson, P. J., Herlihy, Reynolds and Staley, Jr., JJ., concur.